THE PEOPLE, ex rel. W. T. BARBOUR, *v.* GORDON N. MOTT, Respondent.

The legislature having created the Tenth Judicial District, and not having appointed a Judge therefor, the Governor, on the 1st May, 1851, appointed the respondent, who was duly qualified. The relator, on the 10th October thereafter, received a commission from the Governor as Judge of said District, having been elected by the people at the September general election of the same year, and was duly qualified. The relator appeared in court at the October Term, and the respondent being on the bench, claimed his right to exercise the duties of Judge of the court. The court decided that he had no such right, the respondent claiming to hold under his appointment and commission from the Governor until the election and qualification of a District Judge in September, 1852. Held, that the relator is rightfully entitled to the said office.

APPEAL from the Tenth Judicial District.

This case was submitted to the Supreme Court upon a statements of facts agreed upon, which, so far as they are material, are as follows :—

William T. Barbour and Gordon N. Mott, both held commissions from the Governor of the State of California, for the office of District Judge of the Tenth Judicial District.

On the 28th July, A.D. 1851, the Governor issued his proclamation, as required by law, designating certain offices to be filled at the general election to be held on the first Wednesday in September (the 3d), 1851, and stating, among other things, that a District Judge, in the place of Gordon N. Mott, would be chosen by election in the Tenth Judicial District, by the qualified electors of said district, composed of the counties of Yuba, Nevada, and Sutter.

In pursuance of this proclamation, and the election held on the 3d day of September, 1851, the qualified electors in the said district voted for different persons for that office, and William T. Barbour received a majority of their votes, as polled, and a certificate of his having duly received such majority was transmitted to the Secretary of the State; and on the 3d day of October instant, the Governor of the State issued a commission in due form to

the said William T. Barbour, as Judge of the Tenth Judicial District of the State.

On the 9th day of October instant, the said William T. Barbour duly took the constitutional oath of office, which was endorsed on his commission, and a copy of which is filed in the office of the Secretary of State.

On the 10th day of October instant, the said William T. Barbour, having been commissioned and qualified as aforesaid, appeared in the District Court of the Tenth Judicial District, sitting in the County of Yuba, and wherein the said Gordon N. Mott was presiding at the time, when the following proceedings took place.

" This day came William T. Barbour, and in open court produced his commission from the Governor of the State of California, as Judge of the Tenth Judicial District of the State, and demanded, by virtue of his election, by the qualified voters of the said district, at the last general election, held in said district on the 3d of September, 1851, and his commission as aforesaid, upon which was endorsed a certificate of his having duly taken the constitutional oath of office, to enter upon the discharge of the duties of said office ; and the court being sufficiently advised of and concerning the premises, considers the said William T. Barbour as not entitled to said office, and refuses to permit him to take upon himself the exercise of the duties and powers of the Judge of the court.   To which decision the said W. T. Barbour excepted, and by the agreement of the parties, the legal questions at issue between the said Barbour and G. N. Mott, are referred to the Supreme Court for its adjudication, for which purpose this court is ordered to be adjourned until the 3d Monday of October, 1851, without prejudice to parties."

Gordon N. Mott received his commission as Judge of the Tenth Judicial District from the Governor, there being a vacancy in the office of Judge of that District, upon receiving which he duly took the constitutional oath of office, which was endorsed on said commission, a copy of which was filed in the office of the Secretary of State, and has acted as Judge of said Judicial District, under his commission, ever since the 1st day of May, 1851; and he claims and insists that he is by the Constitution of this State invested with and entitled to hold his office as District Judge of

this District until the election and subsequent qualification of a District Judge in the year 1852; and admitting the allegations of W. T. Barbour to be true, G. N. Mott insists that said Barbour is not entitled to the office which he claims.

The above facts were submitted by the parties to the Supreme Court, waiving all informalities, and praying an early decision.

No briefs accompany the record.

HASTINGS, Chief Justice, delivered the opinion of the court as follows.

This case is brought here informally upon an agreed statement of facts, in substance as follows :—

The legislature at its last session having created the Tenth Judicial District, and not having appointed a Judge therefor, the Governor, on the 1st day of May last, issued a commission to the respondent, who was duly qualified, as required by law. That the relator, on the 10th day of October last, received a commission from the Governor as Judge of said district, having been elected by the people at the September general election, and was duly qualified by taking the constitutional oath of office. That the relator having appeared in court, the respondent then being on the bench, claimed the right to exercise the duties of Judge of the court. The court decided that he had not such right, and adjourned until the 3d Monday of October, for the purpose of obtaining the decision of this court upon the right set up by the relator.

The office of District Judge is usually termed a constitutional office, as distinguished from those offices which are created by the legislature. It is an office whose term is fixed by the Constitution, and it is not in the power of the legislature to abridge or in any manner impair its functions.

Nor can the legislature supply a vacancy in it at any time, in any manner contrary to the plain meaning and intent of the provisions of the Constitution.

Art. 6th, sect. 5th, creates two terms, of different duration, the first for two years, and the second and all succeeding terms for six years. The first was merely provisional and temporary, the

second and all future terms permanent, and the office ever thereafter elective.

The District Judge for the first term was to be "appointed by the joint vote of the legislature at the first meeting." This is the only instance in which the legislature can exercise the power of appointment of a District Judge, and seems to have been conferred upon that body in the one instance, on account of the inconvenience and delay attending an election of the people on the primary organization of the several departments of the state government. In case of a vacancy happening after the first session, section 8th, art. 5th, provides, not that the legislature shall appoint, but that the Governor shall have power to fill such vacancy, by granting a commission, which shall expire at the end of the next session of the legislature, or at the next election of the people. If the appointment of the District Judge could not be made by the legislature, why is the commission to expire at the close of its session?

The object of this clause seems to be, to enable the legislature to make the appointment, if it be the duty of that body to do so, by the Constitution or laws, or to enact laws for this purpose, provided the people could not otherwise elect, but if they could elect, then the commission is limited to the period of an election, and not by the end of a session of the legislature. The 8th section referred to, does not authorize the executive to supply the vacancy for the term. It contemplates that either the legislature or the people shall supply the balance of the unexpired term. The statute which we are now called upon to pronounce unconstitutional and void is one of the laws providing for filling a vacancy in an office made elective.

The Constitution not authorizing the executive to fill the vacancy to the end of the term, this power must be exercised by the people or the legislature. The legislature, if possessing such power, have conferred it upon the people by this statute, and it will not be questioned that if the Constitution had been silent upon the mode of appointment to office, the legislature could delegate the power to the people to elect to every office, judicial and civil. It is contended that the executive appointment should

continue to the end of the term. This is not the language of the instrument, and must only be supported by inference.

And we will not by implication confer that power upon the executive which is so repugnant to the spirit and policy of the Constitution.

The words " next election by the people," the legislature has construed to mean, the next election after the vacancy happens. We see no reason to believe that any other was intended. If the next general judicial election was intended for District Judges, it would so have been expressed. In support of the present statutes, we do not deem it necessary to cite authorities to the principle, that before a law can be held unconstitutional, it must be clearly repugnant to the Constitution, nor to the point, that if the meaning of a constitution be doubtful, its general spirit and policy shall govern.

We think the relator, W. T. Barbour, is rightfully entitled to the office of District Judge of the Tenth Judicial District for the remainder of the present term of District Judges of this State.